## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES LEOMA GADDY** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **SECTION** |
| | * | |
| **TAYLOR-SEIDENBACH, INC.; ANCO** | * | **JUDGE** |
| **INSULATIONS, INC.; ARROWOOD** | * | |
| **INDEMNITY COMPANY; THE MCCARTY** | * | **MAGISTRATE** |
| **CORPORATION; OWENS ILLINOIS, INC.; THE** | * | |
| **TRAVELERS INDEMNITY COMPANY;** | * | |
| **UNIROYAL, INC.; ETHYL CORPORATION;** | * | |
| **INTERNATIONAL PAPER COMPANY** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

*********************************************

## NOTICE OF REMOVAL

Defendant, Ethyl Corporation, (hereinafter "Ethyl"), gives notice of the removal of this civil action from the Civil District Court for the Parish of Orleans (Civil Action No. 2018-9487, Div. "F"), State of Louisiana, to the United States District Court for the Eastern District of Louisiana, on the following grounds:

1.

Ethyl bases this removal on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.* The Court has subject matter jurisdiction. 28 U.S.C. § 1332. Removal of this action is appropriate and complies with 28 U.S.C. §§ 1332 and 1441.

## The Parties

2.

The named Plaintiffs are:

a) Theresa G. Adams; and

b)  James C. Gaddy.

The sole remaining Defendant in this action is:

a)  Ethyl Corporation.[1]

## **Background**

3.

Decedent, James Leoma Gaddy, filed a Petition for Damages against various defendants on September 21, 2018, in the proceeding entitled *James Leoma Gaddy v. Taylor-Seidenbach, Inc., et al.*, bearing Civil Action No. 2018-9487, in the Civil District Court for the Parish of Orleans, Div. "F", State of Louisiana.  A copy of the Petition is attached as Exhibit "A" to this Notice of Removal.

4.

The petition generally alleges that Plaintiffs' Decedent, James Gaddy, was exposed to asbestos while working at International Paper from 1948-1950 and in 1952, and while working as a chemical engineer at Ethyl Corporation's facility from 1955–1960. Plaintiffs' decedent named the following defendants in the Petition for Damages as either premises owners or entities that mined, manufactured, sold, supplied, or distributed asbestos or who insured some of the defendants:

a)  Anco Insulations, Inc.;

b)  Arrowood Indemnity Company;

c)  The McCarty Corporation;

d)  Owens Illinois, Inc.;

---

[1] Although Taylor-Seidenbach, Inc. has not been formally dismissed, Plaintiffs advised the Court on September 25, 2019 that they have reached a settlement agreement with Taylor-Seidenbach and that Ethyl Corporation was the only remaining defendant. Accordingly, they have effectively removed Taylor-Seidenbach as a party.

107415

e)  Taylor-Seidenbach, Inc.;

f)  The Travelers Indemnity Company;

g)  Uniroyal, Inc.;

h)  Ethyl Corporation;

i)  International Paper Company.

Exhibit A, Plaintiff's Petition for Damages at ¶ 2.

5.

Venue in Civil District Court was premised by plaintiffs solely on Taylor-Seidenbach's domicile in Orleans Parish. Exhibit A, Plaintiff's Petition for Damages at ¶ 3.

6.

James Leoma Gaddy passed away on January 29, 2018 and his only statutory survivors, his children, Theresa G. Adams and James C. Gaddy were substituted as Plaintiffs in a First Supplemental Petition for Damages filed on February 5, 2019, which is attached as Exhibit B to this Notice of Removal.

7.

Ethyl filed a cross-claim against Taylor-Seidenbach, Inc. and Owens-Illinois, Inc., asserting its right to contribution for those parties' virile shares should Ethyl be cast in Judgment. *See* Exhibit C, Ethyl Corporation's Answer to Plaintiffs' First Supplemental Petition, Cross-Claims, and Third-Party Demand at ¶¶ 11–18.

8.

Ethyl's cross-claim against Taylor-Seidenbach, Inc. and Owens-Illinois, Inc. have been dismissed.  See Exhibit D, Motions and Orders of Dismissal Without Prejudice, *in globo*.

107415

9.

Additionally, Ethyl filed a Third-Party Demand against the following entities:

a) Enable Midstream Partners, LP;

b) Centerpoint Energy Resources Corp.;

c) RRI Energy Services, LLC;

d) Taylor-Seidenbach, Inc.;

e) ICF International, Inc.;

f) The Manville Trust.

Exhibit C, Ethyl Corporation's Answer to Plaintiffs' First Supplemental Petition, Cross-Claims, and Third-Party Demand at ¶¶ 11–18.

10.

Ethyl's Third-Party Demands against Enable Midstream Partners, LP, CenterPoint Energy Resources Corp.; RRI Energy Services, LLC, Taylor-Seidenbach, Inc., ICF International and The Manville Trust have been dismissed. Exhibit D, Motions and Orders for Dismissal Without Prejudice, *in globo*.

11.

As of the date of this Notice of Removal, Ethyl Corporation is the only remaining Defendant in interest.

12.

Although Taylor-Seidenbach has not been formally dismissed from this action, Plaintiffs informed Ethyl on September 25, 2019 that they reached a settlement agreement with Taylor-Seidenbach. Exhibit E, Email from Matthew Clark to David Bienvenu et al. (Sept. 25, 2019 at 8:36 a.m.). A similar email was sent to the Court on the same day advising that Plaintiffs had

107415

reached a settlement agreement with Taylor Seidenbach and that Ethyl Corp. was the only remaining defendant. Exhibit F, Email from Matthew Clark to Tyler Minick, Law Clerk to the Honorable Christopher J. Bruno, et al. (Sept. 25, 2019 at 6:45 p.m.). As a result, Plaintiffs effectively and voluntarily have taken Taylor-Seidenbach out of the case, leaving a controversy wholly between Plaintiffs and Ethyl.

13.

This matter is set for trial on October 7, 2019.

## **Grounds for Removal**

14.

Defendant bases this removal on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.* The Court has subject matter jurisdiction. 28 U.S.C. § 1332. Removal is appropriate under 28 U.S.C. §§ 1332 and 1441.

15.

As set forth in greater detail below, complete diversity exists because Plaintiffs are each citizens of Arkansas and Ethyl Corporation is a citizen of Virginia.

16.

The amount in controversy, exclusive of costs and judicial interest, exceeds $75,000.00.

17.

Removal venue exists in the United States District Court for the Eastern District of Louisiana, because the Civil District Court for the Parish of Orleans, State of Louisiana is within the Eastern District of Louisiana.

107415

## Diversity Jurisdiction is satisfied

18.

Removal of this action from state court to federal court is authorized by the diversity jurisdiction and removal statutes, 28 U.S.C. §§ 1332, 1441, *et seq.*

19.

A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

**A. All properly joined and served parties in interest are completely diverse.**

20.

Plaintiffs are natural persons, and therefore, are citizens in the state of their domicile. *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

21.

Plaintiffs, Theresa G. Adams and James C. Gaddy, are each domiciled in the State of Arkansas. *See* Exhibit B, First Supplemental and Amending Petition for Damages, pg. 1. Accordingly, at the time of removal, Theresa G. Adams, and James C. Gaddy were citizens of the state of Arkansas.

22.

For diversity purposes, a corporation is a citizen of the state where it was incorporated and the state where it maintains its principal place of business. 28 U.S.C. §1332(c)(l); *Lincoln Prop. Co.*, 546 U.S. at 88-89; *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258

(5th Cir. 1988).  Ethyl Corporation, the only remaining Defendant, is a citizen of the state of Virginia:

    a)  Ethyl Corporation is a Virginia corporation having its principal place of business in Virginia;

23.

No defendant in this matter is a citizen of the State of Arkansas.  Thus, complete diversity exists among the parties in accordance with 28 U.S.C. §§ 1332 and 1441, *et seq*.

24.

Although Taylor-Seidenbach has not been formally dismissed from this action, Plaintiffs announced on September 25, 2019 that they reached a settlement agreement with Taylor-Seidenbach. Exhibit E, Email from Matthew Clark to David Bienvenu et al. (Sept. 25, 2019 at 8:36 a.m.). A similar email was sent to the Court on the same day advising that Plaintiffs had reached a settlement agreement with Taylor Seidenbach and that Ethyl Corp. was the only remaining defendant.  Exhibit F, Email from Matthew Clark to Tyler Minick, Law Clerk to the Honorable Christopher J. Bruno, et al. (Sept. 25, 2019 at 6:45 p.m.).  As a result, Plaintiffs have effectively and voluntarily removed Taylor-Seidenbach as a defendant in this case such that the remaining controversy is wholly between Plaintiffs and Ethyl. Accordingly, Taylor-Seidenbach can be disregarded for the purposes of determining the propriety of removal. *See Broomeland v. Ramos*, No. 07-21, 2008 WL 11411270, at *4 (W.D. Tex. Mar. 26, 2008) (quoting *Vasques v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995), *abrogated in part by Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000) ("The question is simply whether, at the time of removal, the plaintiffs effectively 'had taken the resident defendant out of

the case, so as to leave a controversy wholly between the plaintiffs and the nonresident defendant.'")).

25.

Nevertheless, Taylor-Seidenbach, Inc. is a Louisiana corporation with its principal place of business in Louisiana. Accordingly, even if Taylor-Seidenbach had not been effectively removed as a defendant in this case, this Court would still have diversity of citizenship jurisdiction over this case.

**B.  The Amount in Controversy exceeds $75,000.00, exclusive of interest and costs.**

26.

Although Ethyl denies liability, Ethyl states that the amount in dispute clearly exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  The defendant can meet its burden if it is "facially apparent" from the face of the petition that the claims likely exceed $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

27.

In the original Petition, James Leoma Gaddy alleged that as a result of exposure to asbestos he contracted malignant mesothelioma, "an incurable terminal cancer," and sought compensation for various categories of damages. *See* Exhibit A, Plaintiff's Petition for Damages at pp. 3, 8.  Following Dr. Gaddy's death, Theresa G. Adams and James C. Gaddy re-asserted the claims for damages of James Leoma Gaddy including his medical expenses, his pre-death pain and suffering, and, his loss of enjoyment of life in the First Supplemental and Amending

107415

Petition. Exhibit B, Plaintiffs' First Supplemental and Amending Petition.   Similar allegations have been held to make the amount in controversy facially apparent. *See, e.g., Bourke v. Exxon Mobil Corporation*, No. 15-5347, 2016 WL 836872, at *3 n.35 (E.D. La. Mar. 4, 2016) ("Plaintiff alleges that he contracted 'malignant mesothelioma,' which is an 'incurable terminal cancer,' as a result of his exposure to asbestos. It is facially apparent that the amount-in-controversy exceeds $75,000.00.") (internal citations omitted).

28.

It is facially apparent from the petitions and other evidence developed in discovery that Plaintiff's claims create an amount in controversy that exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.  Accordingly, the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1332.

**No properly joined Defendants in interest are citizens of the State of Louisiana.**

29.

Section 1446(b)(2) proscribes removal if any of the parties "in interest properly joined and served as defendants" are citizens of the state in which such action is brought.

30.

At the commencement of this action, Plaintiff named certain Louisiana-domiciled entities and individuals as defendants. Namely, Defendants Anco Insulations, Inc., The McCarty Corporation, and Taylor-Seidenbach, Inc. are Louisiana citizens and therefore precluded removal as "forum defendants." *See* 28 U.S.C. § 1441(b)(2).   However, the action has since become removable.

107415

31.

Plaintiffs' decedent voluntarily dismissed his claims against Anco Insulations, Inc. on October 19, 2018. Exhibit G, Motion and Order for Dismissal of Anco Insulations, Inc.

32.

Plaintiffs voluntarily dismissed The McCarty Corporation on July 29, 2019. Exhibit H, Motion and Order of Dismissal of The McCarty Corporation.

33.

On September 25, 2019, Plaintiffs advised that they had reached a settlement agreement with the final forum defendant, Taylor-Seidenbach, Inc.  Exhibit E, Email from Matthew Clark to David Bienvenu et al. (Sept. 25, 2019 at 8:36 a.m.). A similar email was sent to the Court on the same day advising that Plaintiffs had reached a settlement agreement with Taylor Seidenbach and that Ethyl Corp. was the only remaining defendant.  Exhibit F, Email from Matthew Clark to Tyler Minick, Law Clerk to the Honorable Christopher J. Bruno, et al. (Sept. 25, 2019 at 6:45 p.m.).  Accordingly, Taylor-Seidenbach is no longer a party "in interest" in this litigation and its forum-state citizenship no longer creates a barrier to removal.

34.

After learning of Plaintiffs' settlement withTaylor-Seidenbach, Inc., Ethyl dismissed its cross claims and third-party claims for contribution against Taylor-Seidenbach, Inc. on October 2, 2019.  Exhibit D.

**This Removal is Timely**

35.

Removal is timely because Ethyl's Notice of Removal is filed within the 30-day removal window allowed by Section 1446(b)(3) and because the one-year limitation on diversity removals is inapplicable in this case due to Plaintiffs' bad faith efforts to prevent removal.

**A.  The 30-day removal window was not triggered by the initial pleadings.**

36.

Although this case could have been initiated in this Court pursuant to this Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332(a), Ethyl could not remove the case based on the initial pleadings because Defendants Anco Insulators, Inc.; The McCarty Corporation; and Taylor-Seidenbach, Inc. were citizens of the forum state. *See* 28 U.S.C. § 1441(b)(2).

37.

**B.  Ethyl's Notice of Removal is filed within 30 days of the date Ethyl received an "other paper" from which it could first ascertain that this case is removable.**

This Notice of Removal is timely because it was filed not more than 30 days after Removing Defendants received "other paper" from which it was first ascertainable that the case is removable. 28 U.S.C. § 1446(b)(3).

38.

"Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable. The Fifth Circuit has indicated that the 'other paper' conversion requires a voluntary act by the plaintiff." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (internal citations omitted) (emphasis in original).

39.

Anco and McCarty were dismissed from this case on October 19, 2018 and July 29, 2019, respectively, leaving Taylor-Seidenbach as the final forum-Defendant blocking removal.

40.

On September 25, 2019, counsel for Ethyl received an email from Matthew Clark, counsel for Plaintiffs, indicating that "Plaintiffs have reached a settlement agreement with Taylor

Seidenbach, Inc." Exhibit E, Email from Matthew Clark to David Bienvenu et al. (Sept. 25, 2019 at 8:36 a.m.). A similar email was sent to the Court on the same day advising that plaintiffs had reached a settlement agreement with Taylor Seidenbach and that Ethyl Corp. was the only remaining defendant.  Exhibit F, Email from Matthew Clark to Tyler Minick, Law Clerk to the Honorable Christopher J. Bruno, et al. (Sept. 25, 2019 at 6:45 p.m.).

41.

Plaintiffs' September 25, 2019 emails indicating they reached a settlement with Taylor-Seidenbach demonstrated to Ethyl, for the first time, that the case was removable because it provided notice that the final forum-state defendant was no longer a party in interest in this lawsuit. Accordingly, the September 25, 2019 email from Plaintiffs' counsel constituted an "other paper" under 28 U.S.C. § 1446(b)(3) that opened the corresponding 30-day removal window.

42.

This Notice of Removal is timely filed within 30 days of the September 25, 2019 email.

**C. Because the Plaintiffs acted in "bad faith", as that term is defined in the context of Section 1446(c), to prevent removal by Ethyl or any other Defendant, the 1-year limitation on diversity removals does not apply.**

43.

"A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. 1446(c)(1).

107415

44.

The "bad faith" question in the application of Section 1446(c)(1) considers whether the plaintiffs' litigation conduct was motivated by a desire to prevent a defendant from removing the action. *Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 293 (5th Cir. 2019). Courts often equate "bad faith" under Section 1446 with "strategic gamesmanship to prevent a defendant's removal from state court." *See, e.g., Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014); *In re Rezulin Products Liability Litigation*, Nos. 00-2843, 02-6827, 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003) (finding that dismissal of a non-diverse defendant five days after the anniversary of the case commencement was evidence of strategic behavior).  Other courts have explained that a plaintiff is in "bad faith" when he is "engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Hiser v. Seay*, No. 14-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 4, 2014) (listing cases).

45.

Although the Fifth Circuit has not fully outlined the "bad faith" inquiry, other courts have followed a two-step framework for analyzing the bad-faith exception to the one-year limitation on diversity removals that requires an examination of circumstantial evidence.  First, courts ask whether the plaintiff actively litigated against the "removal spoiler" in state court by "asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera." *E.H.S. by Northern v. BNSF Railway Co.*, No. 19-141, 2019 WL 3934472, at *2 (E.D. Mo. Aug. 20, 2019) (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1274–75 (D.N.M. 2014)).  A presumption of "bad faith" arises if the plaintiff failed to litigate against the removal spoiler, but a rebuttable presumption of good faith upon a showing of active litigation. Defendant can rebut the presumption by showing plaintiff would not

have named the defendant "or would have dropped the spoiler before the one-year mark but for a desire to keep the case in state court." *Id.*

46.

In this case, the one-year limitation on diversity removals does not apply because Plaintiff(s) acted in "bad faith", in the context of Section 1446(c), to prevent removal by keeping forum-Defendant Taylor-Seidenbach in the case for 369 days. Plaintiffs' "bad faith" is demonstrated by the following non-exclusive list of actions:

a) From the outset, while the Original Petition for Damages makes particularized allegations and claims against Ethyl and International Paper, the Petition does not make any particularized or specific factual allegations or claims against Taylor-Seidenbach. *See* Exhibit A, Plaintiff's Original Petition for Damages.

b) Plaintiffs' decedent initially filed this lawsuit on September 21, 2018. Rather than request service on all Defendants, Plaintiffs' decedent  initially only requested that Taylor-Seidenbach, Inc. be served. Plaintiffs' decedent expressly requested that service on all other Defendants be withheld until further notice. Exhibit A, Plaintiff's Original Petition for Damages at p. 9. The only logical and circumstantial explanation for Plaintiffs' request that service be withheld as to all Defendants other than Taylor-Seidenbach is Plaintiffs' attempt to avoid what is known as a "snap removal". *See Leech v. 3M Company*, 278 F. Supp. 3d 933, 943 (E.D. La. 2017) (describing "snap removals" as the practice of removing a case prior to the effectuation of service on any forum defendants). Taylor-Seidenbach was served on the same day the suit was filed, whereas, for instance, Ethyl was

not served until October 9, 2018. Exhibit I, Return of Service of Process on Taylor-Seidenbach and Ethyl Corporation, *in globo*.

c) Despite Plaintiffs' rush to serve Taylor-Seidenbach and avoid a "snap removal", Plaintiffs did not make any attempt to develop evidence against Taylor-Seidenbach during the pendency of this matter:

    i. No testimony regarding Taylor-Seidenbach was solicited by Plaintiffs in the perpetuation deposition of the decedent James Gaddy.  Exhibit J.

    ii. Although Plaintiffs propounded written discovery to Ethyl, Plaintiffs never propounded written discovery on Taylor-Seidenbach;

    iii. Although Plaintiffs took a corporate deposition of Ethyl, Plaintiffs did not take a corporate deposition of Taylor-Seidenbach;

    iv. Plaintiffs produced expert reports from Dr. Richard Kradin, an expert pulmonologist and pathologist, *see* Exhibit K, Expert Report of Dr. Richard Kradin, and Susan Raterman, Certified Industrial Hygienist. *See* Exhibit L, Expert Report of Susan Raterman, CIH. Neither expert rendered an opinion regarding Dr. Gaddy's alleged exposure to asbestos-containing materials supplied by Taylor-Seidenbach.  Dr. Kradin did opine, however, that Dr. Gaddy was exposed to asbestos while working at Ethyl and International Paper, and that his asbestos exposure caused his mesothelioma. Exhibit K, Expert Report of Dr. Richard Kradin at p. 20. Susan Raterman similarly opined that Dr. Gaddy was exposed to a sufficient dose of asbestos while working at Ethyl Corporation and International Paper to cause his mesothelioma. Exhibit L, Expert Report of

Susan Raterman at pp. 8–10.  No evidence was developed by plaintiffs showing that Taylor-Seidenbach was a "substantial factor" in causing Mr. Gaddy's death.

d)  Plaintiffs' inserts for the Joint Pretrial Order are particularly telling with regard to Plaintiffs' failure to actively litigate any claim against Taylor-Seidenbach:

    i.    Although Plaintiffs briefly mention that they are pursuing "legal actions" against Ethyl and Taylor-Seidenbach, Plaintiffs explain in detail their theory against Ethyl but fail to give any basis for their claim against Taylor-Seidenbach. Exhibit M, Plaintiffs' Pretrial Order Inserts at p. 1.

    ii.    While the Joint Pretrial Order contains contested material facts and questions of law regarding Taylor-Seidenbach's potential liabilities, Ethyl included those statements in connection with its cross-claim for contribution against Taylor-Seidenbach, which are submitted only in the contingency that Ethyl is caste in judgment.  Plaintiffs' Pretrial Inserts, exchanged on September 3, 2019, did not include a single contested issue of fact or law related to Taylor-Seidenbach's potential relation to asbestos particles to which Dr. Gaddy was allegedly exposed. *See* Exhibit M, Plaintiffs' Pretrial Order Inserts at pp. 1–2. Instead, the only contested factual and legal issues Plaintiffs raised for trial related to Ethyl's alleged liability for Dr. Gaddy's asbestos exposure. Plaintiffs exchanged these pretrial inserts 22 days before announcing they had reached a settlement agreement with Taylor-Seidenbach.

107415

iii.   Plaintiffs did not specifically identify any witness or exhibit suggesting an intention to prosecute Taylor-Seidenbach at trial. See Exhibit N, Joint Pretrial Order at pp. 8–9, 29–30;

e)   Although Plaintiffs issued a trial subpoena for an Ethyl Corporate representative, Plaintiffs issued no such subpoena for a Taylor-Seidenbach corporate representative. Exhibit O, Subpoena to Ethyl Corporation Corporate Representative;

f)   Importantly, the Joint Pretrial Order submitted on September 9, 2019 did not contain *any* inserts from Taylor-Seidenbach, raising serious questions about why Plaintiffs would settle against a party that would be prohibited from raising a defense at trial. Exhibit O, Joint Pretrial Order, or whether some sort of agreement with Taylor-Seidenbach was reached prior to the date when the fact of settlement was communicated to Ethyl on September 25, 2019;

g)   Finally, one year and four days after this suit was filed, when Plaintiffs thought they were secure in state court, Plaintiffs announced a settlement agreement with Taylor-Seidenbach. *See* Exhibit E, Email from Matt Clark to David Bienvenu et al. (Sept. 25, 2019 at 8:36 a.m.). A similar email was sent to the Court on the same day advising that plaintiffs had reached a settlement agreement with Taylor Seidenbach and that Ethyl Corp. was the only remaining defendant. Exhibit F, Email from Matthew Clark to Tyler Minick, Law Clerk to the Honorable Christopher J. Bruno, et al. (Sept. 25, 2019 at 6:45 p.m.).

47.

107415

The foregoing facts demonstrate Plaintiffs' failure to actively litigate against Taylor-Seidenbach. Although Plaintiffs took extraordinary steps to serve Taylor-Seidenbach before any other Defendant, thereby locking in a "properly joined and served defendant" that is a citizen of the forum state, Plaintiffs did not take a single step in this litigation towards developing evidence against Taylor-Seidenbach. The only explanation for Plaintiffs' litigation tactics in this regard is that Plaintiffs sued Taylor-Seidenbach to obtain venue in Civil District Court and to use Taylor-Seidenbach's Louisiana citizenship to block removal under 28 U.S.C. § 1441(b)(2).

48.

The foregoing facts are strikingly similar to the facts the Fifth Circuit recently affirmed as evidence of "bad faith" warranting removal after the one year period under Section 1446(c)(1) in *Hoyt v. Lane Construction Corporation*, 927 F.3d 287, 292–93 (5th Cir. 2019). In *Hoyt*, the Fifth Circuit affirmed the lower court's finding that the plaintiff acted in bad faith to prevent removal when they pursued the non-diverse defendant "only half-heartedly;" did not identify any witness from the non-diverse defendant on their witness list; did not produce expert opinions implicating the non-diverse defendant; and then dismissed the non-diverse defendant 2 days after the one-year deadline expired. *Id.* ("All of this suggests the Hoyts kept Storm in the case for one purpose and one purpose only—to prevent removal during § 1446(c)'s one-year removal period. Two days after accomplishing that purpose, the Hoyt's dismissed Storm for free.").

**No other Defendant's consent is necessary for removal**

49.

Taylor-Seidenbach's consent to remove is unnecessary because Plaintiffs have effectively eliminated Taylor-Seidenbach as a defendant in this lawsuit. *See Bromeland v. Ramos*, No. 07-21, 2008 WL 11411270, at *10 (W.D. Tex. Mar. 26, 2008) (parties that have been effectively eliminated through settlement, though not formally dismissed, need not consent to removal).

107415

50.

Because all Defendants other than Ethyl have been dismissed, Ethyl does not need consent from any other party to remove.

**All other requirements for removal are satisfied.**

51.

Venue is proper in the United States District Court for the Eastern District of Louisiana because the Civil District Court for the Parish of Orleans, Louisiana is located within the Eastern District of Louisiana.  28 U.S.C. § 1441(a).

52.

A copy of this Notice of Removal will be filed with the Clerk of Court of the Civil District Court for the Parish of Orleans, State of Louisiana.  All adverse parties will likewise receive a timely copy of this Notice of Removal.

53.

In accordance with 28 U.S.C. § 1446(a) and L.R. 3.2, Ethyl will file a separate list of the parties remaining in the action; copies of all pleadings, including answers, filed in state court; and copies of the return of service of process filed in state court on those parties within 14 days of this Notice of Removal.

54.

The requisite diversity and amount in controversy, as required by 28 U.S.C. §1332, is clearly satisfied.  Accordingly, defendant removes this case to federal court pursuant to 28 U.S.C. §1446(b).

107415

**Jury Demand**

55.

Ethyl Corporation demanded trial by jury in its answer to Plaintiffs' Petition for Damages. Exhibit P.

**THEREFORE,** Ethyl Corporation prays that the above entitled state court action, now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the United States District Court for the Eastern District of Louisiana.

**BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, APLLC**

By: *s/ David Bienvenu*
_____
   **David M. Bienvenu, Jr. (Bar Roll No. 20700)**
   **John Allain Viator (Bar Roll No. 25915)**
   **Lexi T. Holinga (Bar Roll No. 30096)**
   **Anthony J. Lascaro (Bar Roll No. 32546)**
   **Patrick H. Hunt (Bar Roll No. 34599)**
   **Melissa Jade Shaffer (Bar Roll No. 37867)**
   **4210 Bluebonnet Blvd.**
   **Baton Rouge, LA 70809**
   **Phone:  (225) 388-5600**
   **Fax:  (225) 388-5622**

   *ATTORNEYS FOR ETHYL CORPORATION*

107415

## <u>CERTIFICATE OF SERVICE</u>

    **I CERTIFY** that on October 3, 2019, a copy of the foregoing "*Notice of Removal*" was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system and to plaintiff's counsel by both email and mail.

                                */ David Bienvenu*
                                David Bienvenu

107415