CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-9487

DIVISION

JAMES LEOMA GADDY

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: _____    _____
                                              DEPUTY CLERK

F-7

FILED
2018 SEP 21 A 9:05
CIVIL
DISTRICT COURT

## PETITION FOR DAMAGES

NOW COMES Petitioner, by and through undersigned counsel, to respectfully allege the following:

1. Made petitioner herein is James Leoma Gaddy, an adult resident citizen of the State of Arkansas.

2. Made Defendants herein are the following domestic corporations licensed to do and doing business in the State of Louisiana, or are current or former individuals that are residents of the State of Louisiana and are liable unto the Petition (also referred to as Plaintiff herein) for the claims asserted herein:

**ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

  A. ANCO INSULATIONS, INC.
  B. ARROWOOD INDEMNITY COMPANY, f/k/a Royal Indemnity Company, as successor-in-interest to Queens Insurance Company of America and Royal Insurance Company of America (as insurer for Aber Company, Inc. and its executive officers);
  C. THE McCARTY CORPORATION
  D. OWENS ILLINOIS, INC.
  E. TAYLOR-SEIDENBACH, INC.
  F. THE TRAVELERS INDEMNITY COMPANY (as insurer for Aber Company, Inc.)
  G. UNIROYAL, INC. f/k/a UNITED STATES RUBBER COMPANY, INC.

**EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICERS**

  H. ETHYL CORPORATION, f/k/a ETHYL CHEMICAL
  I. INTERNATIONAL PAPER COMPANY

3. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 74 because each of the Defendants contributed to Petitioner's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioner with each of its Co-Defendants and defendant Taylor-

1



Seidenbach is domiciled in the Parish of Orleans.

## BACKGROUND

4. In connection with the Petitioner's work as a laborer during the summers from approximately 1948 through 1950, and as a pipe fitter's assistant during the summer of 1952, at the International Paper facility in Spring Hill, Louisiana, Petitioner suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

5. In connection with the Petitioner's work as a chemical engineer at the Ethyl Corporation facility in Baton Rouge, Louisiana, from approximately 1955 through 1960, Petitioner suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

6. During Petitioner's exposure period, the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at the aforementioned work sites, where the petitioner was exposed to asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos".

7. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, and cardiac disease, among other diseases and injuries.

8. Each of the defendants knew or should have known through industry and medical studies, as well as statutes and regulations, the existence of which were unknown to the Petitioner, of the health hazards inherent in the asbestos-containing products they were selling. Instead of warning the Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos containing products and avoid implementing safe work practices and litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct and identifies by name the particular defendants engaged in the specific counts of misconduct.

9. In connection with his work at the aforementioned job sites, the Petitioner was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

10. As a direct result of having inhaled, ingested or otherwise been exposed to asbestos while working at Ethyl Corporation and International Paper, the Petitioner contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. James Leoma Gaddy's malignant mesothelioma was diagnosed in or around July 23, 2018.

11. Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, Petitioner has only recently discovered Petitioner's injuries and not more than one year preceding this filing of this Petition for Damages.

12. Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

13. All causative exposures to asbestos sustained by Petitioner occurred on or before December 1980. Petitioner did not sustain causative exposures to asbestos after November 4, 1980.

## NEGLIGENCE OF ALL DEFENDANTS

14. On information and belief, the Defendants identified in Paragraph 2 were responsible to provide Petitioner with warnings concerning hazardous conditions at their sites or relating to their hazardous ACMs or generally to provide Petitioner with safe premises in order to protect life, health, safety, and welfare of Petitioner, including the following responsibilities:

   a. Inspection, approval and supervision of these various premises for hazards and vices that may present a hazard to Petitioner;

   b. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

   c. To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

   d. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

   e. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

   f. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

  g. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

  h. To make certain that Petitioner was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust;

  i. To measure the levels of asbestos dust in the premises working environment;

  j. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

  k. To warn Petitioner of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

15. Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

16. Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner was required to enter and work, which was damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that respiratory illness, such as the lung cancer suffered by Petitioner, could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

17. The negligence of Defendants was a substantial factor and contributed in causing damages to Petitioner.

## STRICT LIABILITY OF ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS

18. The Defendants were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, Ethyl Corporation and International Paper, from which Petitioner was exposed to them.

4

19. The products mined, manufactured, sold, distributed, supplied and/or used by these defendants was defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner who was intended and a foreseeable user and bystanders who were exposed to these products. These defects include, without limitation, the following:

    a. mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

    b. mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in his respective trade;

    c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

    d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

    e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

    f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

    g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

    h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

    i. defects in the composition and construction of these products;

    j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

    k. failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

    l. overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants;

    m. are liable to Petitioner in strict liability for things in their guard, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner; and

    n. other defects or fault as may be revealed in discovery or at trial.

20. The defective conditions of defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

21. Petitioner further alleges that each and every one of the foregoing defendants was

5

also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

**STRICT LIABILITY AND NEGLIGENCE
OF ETHYL CORPORATION and INTERNATIONAL PAPER COMPANY**

22. Petitioner further alleges strict premise liability of defendants Ethyl Corporation and International Paper Company in failing to provide Petitioner a safe place in which to work free from the hazards of asbestos.

23. The premises in which James Leoma Gaddy's exposure to asbestos occurred or originated were owned by and in the custody of defendant Ethyl Corporation and International Paper Company and were unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Petitioner's injuries set forth herein.

24. Ethyl Corporation and International Paper Company negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge its duties to Petitioner in the following particulars:

  a. failure to provide Petitioner with a safe place to work;

  b. failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Petitioner's clothing; and

  c. failure to inform or warn Petitioner of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Petitioner's injuries.

25. During the course of James Leoma Gaddy's work at Ethyl Corporation's Baton Rouge, Louisiana facility, and at International Paper Company's Spring Hill, Louisiana facility, the asbestos or asbestos-containing products to which contributed to James Leoma Gaddy's exposure were all within the care, custody, and control of Ethyl Corporation and International Paper Company. Ethyl Corporation and International Paper Company are therefore strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, *et seq.* and 2317.

26. Petitioner was exposed to asbestos-containing products during the course and scope of his employment at Ethyl Corporation (hereinafter "Ethyl") from 1955 to 1960, and International Paper Company (hereinafter "International Paper") from 1948 to 1950. Petitioner's exposure to asbestos products occurred without fault on their part. Petitioner hereby alleges that Ethyl and International Paper are liable for injuries, as alleged, arising out of the negligent conduct of Ethyl and International Paper as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

27. As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, Ethyl and International Paper, Petitioner received injuries, both physically and mentally, including, without limitation, (i) pneumoconiosis, including asbestosis, pleural disease and cardiac problems; (ii) cancer, including but not limited to lung cancer and mesothelioma; (iii) increased susceptibility to one of the foregoing diseases and other illnesses; and (iv) mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

28. Ethyl and International Paper negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to the Petitioner in the following:

   a. failed to provide the Petitioner with a safe work place;
   b. failed to provide the Petitioner with safety equipment;
   c. failed to provide the Petitioner with correct, adequate, or proper safety equipment;
   d. recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the Petitioner's worksite;
   e. recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at his worksites;
   f. failed to timely remove asbestos hazards from the work place;
   g. failed to properly supervise or monitor the work areas for compliance with

safety regulations; and

h. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

29. Ethyl and International Paper are strictly liable for hazardous things in their guard, care, custody or right of control; and/or any other acts or omissions as may be revealed in discovery or at trial.

30. The above-described negligence, fault, strict liability and willful misconduct of these defendants were a proximate cause of the Petitioner's injuries.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 30, Petitioner requests that defendants be served with this Petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioner for the following:

a. all past, present and future medical costs or expenses related thereto;

b. all past, present and future lost earnings;

c. all past, present and future mental suffering, anguish, and pain;

d. all past, present and future physical pain and suffering;

e. loss of quality of life;

g. reasonable attorneys' fees; and

h. all other forms of relief provided by law or equity together with interest from the date of judicial demand until paid, and costs of these proceedings.

WHEREFORE Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

RESPECTFULLY SUBMITTED,

LANDRY & SWARR, LLC

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP C. HOFFMAN, Bar No. 32277
MATTHEW C. CLARK, Bar No. 31102
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

**COUNSEL FOR PETITIONERS**

**PLEASE SERVE THE FOLLOWING WITH THE ORIGINAL PETITION FOR DAMAGES:**

1. TAYLOR-SEIDENBACH, INC.
   Through its Registered Agent
   Robert I. Shepard
   731 South Scott Street
   New Orleans, LA 70119

**PLEASE *WITHHOLD* SERVICE ON THE FOLLOWING UNTIL FURTHER NOTICE:**

2. ANCO INSULATIONS, INC.
   Through its Registered Agent
   CT Corporation Systems
   3867 Plaza Tower Drive, 2nd Floor
   Baton Rouge, LA 70816

3. ARROWOOD INDEMNITY COMPANY, f/k/a Royal Indemnity company, as successor-in-interest to Queens Insurance Company of America and Royal Insurance Company of America (as insurer for Aber Company, Inc., and its executive officers)
   Through its Registered Agent
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

4. ETHYL CORPORATION
   Through its Registered Agent
   CT Corporation Systems
   8550 United Plaza Boulevard
   Baton Rouge, LA 70809

5. INTERNATIONAL PAPER COMPANY
   Through its Registered Agent
   CT Corporation System
   3867 Plaza Tower Drive, Second Floor
   Baton Rouge, LA 70808

6. MCCARTY CORPORATION
   Through its Registered Agent
   Paul H. Spaht
   4232 Bluebonnet Blvd.
   Baton Rouge, LA 70809

7. OWENS ILLINOIS, INC.
   Through the Louisiana Long Arm Statute
   Owens Illinois, Inc.
   One Michael Owens Way
   Perrysburg, OH 43551-2999

8. THE TRAVELERS INDEMNITY COMPANY, as insurer for Aber Company, Inc.
   (via service of process via the Direct Action Statute, La.R.S. 22:655)
   Through the Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70909

9. UNIROYAL, INC. f/k/a UNITED STATES RUBBER COMPANY, INC.
   Through the Louisiana Long Arm Statute
   c/o Legal Department
   70 Great Hill Road
   Naugatuck, CT 06770

9