STATE OF LOUISIANA

CIVIL DISTRICT COURT

PARISH OF ORLEANS

| | | |
|---|---|---|
| **JAMES LEOMA GADDY** | * | DOCKET NO. 2018-9487 |
| | * | |
| **VS.** | * | DIVISION F |
| | * | |
| **TAYLOR-SEIDENBACH, INC., ET AL** | * | SECTION 7 |

FILED:_____ DEPUTY CLERK:_____

**ETHYL CORPORATION'S
ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL PETITION,
CROSS-CLAIMS, AND THIRD-PARTY DEMAND**

Defendant, **Ethyl Corporation** ("**Ethyl**") responds to Plaintiffs' First Supplemental Petition for Damages ("**Supplemental Petition**"), and denies each and every allegation contained therein except such as may hereafter be specifically admitted:

**EXCEPTIONS**

1.

Ethyl adopts, re-avers, and re-alleges, as if copied herein, *in extenso*, all of the exceptions set forth in its Answer to Plaintiff's Original Petition for Damages ("**Original Petition**").

**ANSWER TO PLAINTIFFS' SUPPLEMENTAL PETITION**

2.

And now, in further responding to Plaintiffs' Supplemental Petition, Ethyl answers as follows:

3.

The allegations contained in the unnumbered, introductory paragraph of Plaintiffs' Supplemental Petition require no response on behalf of Ethyl. Nevertheless, to the extent a response may be required, the allegations are denied for lack of sufficient information to justify a reasonable belief therein. Ethyl specifically denies the allegations to the extent they imply liability on the part of Ethyl.

4.

The allegations contained in Paragraph 1.1 of Plaintiffs' Supplemental Petition are denied for lack of sufficient information to justify a reasonable belief therein. Ethyl specifically denies



92644

the allegations to the extent they imply liability on the part of Ethyl.

5.

The allegations contained in Paragraph 1.2 of Plaintiffs' Supplemental Petition were previously answered and require no further response on behalf of Ethyl. Nevertheless, to the extent a response may be required, Ethyl adopts, re-avers, and re-alleges its previously set forth responses and Ethyl specifically denies the allegations to the extent they imply liability on the part of Ethyl.

6.

The allegations contained in Paragraph 1.3 of Plaintiffs' Supplemental Petition constitute conclusions of law and, as such, require no response on behalf of Ethyl. Nevertheless, to the extent a response may be required, the allegations are denied to the extent they imply liability on the part of Ethyl. The remaining allegations are denied for lack of sufficient information to justify a reasonable belief therein.

7.

The allegations, statements, and conclusions contained in the prayer and unnumbered, final paragraph of Plaintiffs' Supplemental Petition are denied.

**AFFIRMATIVE DEFENSES & RESERVATIONS**

And now, in further responding to Plaintiffs' Supplemental Petition, Ethyl avers as follows:

8.

Ethyl adopts, re-avers, and re-alleges, as if copied herein, *in extenso*, all of the affirmative defenses set forth in its Answer to Plaintiff's Original Petition.

9.

Ethyl adopts all, if any, affirmative defenses and exceptions that may apply to Ethyl and are not specifically set out in its Answers to Plaintiffs' Original and Supplemental Petitions, but may be asserted by any other Defendant in this case at any time during the course of this litigation.

10.

Ethyl reserves the right to assert additional affirmative defenses and file additional answers, third-party petitions, counter-claims, and cross-claims as they become evident during the course of this litigation.

## CROSS-CLAIM

And now, in accordance with La. Code of Civil Proc. art. 1031, *et seq.*, Ethyl, a Defendant in the above-captioned suit, appears as Plaintiff-in-Cross-Claim and avers as follows:

11.

Plaintiff, James Leoma Gaddy ("Plaintiff"), filed a Petition for Damages seeking damages for injuries he allegedly sustained as a result of his alleged exposure to asbestos.

12.

Plaintiff's alleged heirs subsequently filed a First Supplemental Petition substituting themselves as Plaintiffs' following Plaintiff's death.

13.

Ethyl has been named as a Defendant by Plaintiffs in this, the above-captioned, case.

14.

Ethyl denies any and all liability in this case.

15.

Alternatively, while denying any and all liability, Ethyl is entitled to virile share contributions from and/or application of comparative fault of the Defendants-in-Cross-Claim for any and all amounts for which Ethyl may be cast in judgment and virile share credits or set-offs with respect to the Defendant-in-Cross-Claim should it settle Plaintiffs' claims.

16.

Made Defendants-in-Cross-Claim herein are the following entities:

- A. **Taylor-Seidenbach, Inc.**, individually ("**Taylor-Seidenbach**"), is a domestic corporation which is licensed to do business in Louisiana; and
- B. **Owens-Illinois, Inc.** d/b/a O-I ("**Owens-Illinois**"), a foreign corporation which is not licensed to do business in Louisiana;

17.

Ethyl adopts herein by reference as though set forth *in extenso* all of Plaintiffs' allegations against Taylor-Seidenbach and Owens-Illinois as asserted in Plaintiffs' Petitions insofar as they assert the fault, negligence, strict liability, and other bases of liability against Taylor-Seidenbach and Owens-Illinois.

18.

Ethyl expressly and affirmatively disavows any claims against Taylor-Seidenbach and Owens-Illinois based on intentional torts.

## THIRD-PARTY DEMAND

And now, in accordance with La. Code of Civil Proc. art. 1031, *et seq.*, Ethyl appears as Third-Party Plaintiff and avers as follows:

19.

Ethyl is a foreign corporation, licensed to do business in Louisiana, incorporated under the laws of the State of Virginia, and with its principal place of business in Virginia.

20.

Made Third-Party Defendants herein are the following:

### Employer/Premise Owner Defendants

A. **Enable Midstream Partners, LP** as the successor-in-interest to Arkla Chemical Corporation and Arkansas Louisiana Chemical Corporation, a foreign limited partnership which is licensed to do business in Louisiana;

B. **Centerpoint Energy Resources Corp** as the successor-in-interest to Arkla, Inc. and/or Noram Energy Corp. and/or RRI Energy, Inc., a foreign corporation which is licensed to do business in Louisiana;

C. **RRI Energy Services, LLC** as the successor-in-interest to RRI Energy, Inc. and/or Noram Energy Services, Inc.

### Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants

D. **Taylor-Seidenbach, Inc.** as the successor-in-interest to Taylor Contracting and Supply Company, Inc., a domestic corporation which is licensed to do business in Louisiana.

E. **ICF International, Inc.** as the successor-in-interest to Kaiser Engineers, Inc. ("**ICF International**"), which is a foreign corporation not licensed to do business in Louisiana.

### Johns-Manville

F. **The Manville Trust**, as successor-in-interest to Johns-Manville Corporation

("**Johns-Manville**"), which is a foreign corporation and may be served via the Louisiana Long Arm Statute.

21.

Ethyl has been named as a Defendant in this case in connection with the alleged exposure of Plaintiff, James L. Gaddy, to injurious levels of asbestos during his years of employment from 1955 to 1960 at Ethyl's Baton Rouge, Louisiana facility, which exposures Plaintiff alleges occurred by or through the fault of Ethyl.

22.

Ethyl denies any and all allegations of fault and liability. Ethyl also denies any allegation asserted against Ethyl in the principal demand regarding Plaintiff's alleged exposure, contraction, or causation of any asbestos-related injury or disease. Ethyl further denies any and all liability to Plaintiff and any and all other parties in this case.

23.

In the alternative, while denying all liability, if Ethyl is found to be liable, Ethyl asserts that it is entitled to virile share contributions, reductions, credits, and/or set-offs from the Third-Party-Defendants named herein for any and all amounts for which Ethyl may be cast in judgment, as well as from any other Co-Defendants cast in judgment, and credits and/or set-offs for the virile shares of any and all persons and entities with whom Plaintiffs have settled or may settle.

24.

While at all times denying liability, for purposes of this Third-Party Demand, Ethyl adopts by reference as if copied herein *in extenso* all of Plaintiffs' allegations regarding the background of this matter as asserted in Paragraphs 4 – 13 of Plaintiff's Petition for Damages against the Defendants identified above in Paragraph 9.

**Employer/Premise Owner Defendants**

25.

The allegations set forth above are reiterated as if copied herein *in extenso* against the Defendants identified above in Paragraph 20(A) – 20(C) as Employer/Premise Owner Defendants.

26.

While at all times denying liability, Ethyl adopts herein by reference as though set forth *in*

*extenso* all of Plaintiffs' allegations regarding the negligence of all Defendants and Plaintiffs' allegations regarding the negligence of the Employer/Premise Owner Defendants as asserted in Plaintiff's Petition for Damages at Paragraphs 14 – 17 and 22 – 30, respectively, insofar as they assert the fault, negligence, strict liability, and other bases of liability, against each of the Employer/Premises Owner Defendants identified above in Paragraph 20(A) – 20(C).

### Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants

27.

The allegations set forth above are reiterated as if copied herein *in extenso* against the Defendants identified above in Paragraph 20(D) – 20(E) as Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants.

28.

While at all times denying liability, Ethyl adopts herein by reference as though set forth *in extenso* all of Plaintiffs' allegations regarding the negligence of all Defendants and Plaintiffs' allegations regarding the negligence of the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributors Defendants as asserted in Plaintiff's Petition for Damages at Paragraphs 14 – 17 and 18 – 21, respectively, insofar as they assert the fault, negligence, strict liability, and other bases of liability, against the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants identified above in Paragraph 20(D) – 20(E).

### Contractor Claims

29.

The allegations set forth above are reiterated as if copied herein *in extenso* against the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants identified above in Paragraphs 20(D) – 20(E).

30.

In addition to the claims set forth above, Ethyl avers that Plaintiff worked in close and/or frequent proximity to employees and agents of the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants identified above in Paragraphs 20(D) – 20(E) while he was employed by Arkla Chemical Corporation, RRI Energy,

Inc., Noram Energy Corp., and/or International Paper Company. While in close and/or frequent proximity to employees and/or agents of the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributors/Contractor Defendants identified above in Paragraphs 20(D) – 20(E), those employees and/or agents removed, manipulated, installed, and/or handled asbestos-containing products, and this created dust that Plaintiff breathed, thereby exposing him to asbestos.

31.

Plaintiff was an intended and/or foreseeable user and/or bystander who was exposed to these asbestos-containing products.

32.

At all material times, the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants identified above in Paragraphs 20(D) – 20(E) had the care, custody, and control of the asbestos-containing products to which Plaintiff was exposed. These products were defective and created an unreasonable risk of harm to persons such as Plaintiff. Further, the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants identified above in Paragraphs 20(D) – 20(E) failed to provide adequate warnings regarding the danger posed by the asbestos-containing products to which Plaintiff was exposed.

33.

Through the above-stated acts and omissions, the employees and/or agents of the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributor/Contractor Defendants identified above in Paragraphs 20(D) – 20(E) caused Plaintiff to be exposed to asbestos. These Defendants knew or reasonably should have known that injury to Plaintiff was substantially likely to follow his exposure to asbestos. And given this knowledge, the acts and omissions of the Defendants were negligent and Plaintiff's disease proximately resulted from these acts, omissions, and negligence.

**Johns-Manville**

34.

The allegations set forth above are reiterated as if copied herein *in extenso* against Johns-Manville.

35.

While at all times denying liability, Ethyl adopts herein by reference as though set forth *in extenso* all of Plaintiff's allegations regarding the negligence of all Defendants and Plaintiffs' allegations regarding the negligence of the Asbestos Miners/Manufacturers/Sellers/Suppliers/Distributors Defendants as asserted in Plaintiff's Petition for Damages at Paragraphs 14 – 17 and 18 – 21, respectively, insofar as they assert the fault, negligence, strict liability, and other bases of liability, against Johns-Manville.

36.

Moreover, the products mined, manufactured, distributed, supplied, sold, and/or used by Johns-Manville were defective and unreasonably dangerous. Plaintiff was an intended and/or foreseeable user and/or bystander who was exposed to these asbestos-containing products.

37.

The Manville Trust has succeeded to the liabilities of the Johns-Manville Corporation and is the proper entity subject to claims for contribution or for establishing credits or offsets with respect to the liability of Johns-Manville Corporation.

38.

Johns-Manville designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, installed, distributed, and/or sold, without limitation, asbestos-containing insulation, asbestos-containing pipe insulation, asbestos-containing mud, asbestos-containing insulation block, asbestos-containing cloth, asbestos-containing fill material, and other asbestos-containing products, and caused these materials to be transported, thereby exposing Plaintiff thereto. If Plaintiff was exposed to some level of asbestos dust from any Johns-Manville asbestos-containing products used at any premises at which Plaintiff worked, which is denied as to Ethyl facilities, Johns-Manville is liable for negligence, fault, strict liability, and strict products liability in connection with the manufacturing, distributing, and design of the asbestos-containing products.

39.

As a manufacturer of various asbestos-containing products, Johns-Manville knew or should have known that use by and in the vicinity of Plaintiff and those similarly situated, of such products would cause injury and, despite that knowledge, Johns-Manville did not provide proper

instructions and/or warnings, for which Johns-Manville is liable pursuant to Louisiana Civil Code article 2315.

40.

The products mined, manufactured, designed, distributed, supplied, sold, and/or otherwise used by Johns/Manville were defective in design, unreasonably dangerous, and/or unreasonably dangerous *per se*, which defects include, without limitation, the following:

A. The mining, manufacture, design, distribution, supply, sale, and/or use of products that are unreasonably dangerous and/or unreasonably dangerous *per se*;

B. The mining, manufacture, design, distribution, supply, sale, and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting potential for causing serious injury and health problems to those who would be foreseeably exposed to them;

C. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal and/or foreseeable use and/or intended use;

D. Lack of safety instruction or of sufficient safety instruction for eliminating or reducing the health risks associated with the intended use of these products;

E. Failure to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. Failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing and medical studies associated with the foreseeable hazards of these products by the intended or foreseeable users;

H. Failure to properly design these products where the nature of the product did not require the use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products mined, manufactured, sold, supplied, and distributed;

    K. Failure to properly package these products so they could be safely transported, handled, stored, and/or disposed of;

    L. Over warranting the safety of these products that were manufactured, sold, and/or supplied by Johns-Manville; and

    M. Such other defects as will be shown at the trial of this matter.

41.

The proximate cause of Plaintiff's alleged injury, illness, and damages, if any, was the result of the fault and defective products of Johns-Manville in connection with the manufacture, sale, and distribution of its asbestos-containing products.

42.

Johns Manville was also negligent in engaging in the substandard conduct enumerated above and this negligence was also a proximate cause of Plaintiff's alleged injuries, illness, and damages, if any.

43.

While at all times denying liability, Ethyl further adopts and incorporates all of the allegations of Plaintiff's Original Petition for Damages, as if those allegations were copied herein, *in extenso*, against Johns Manville.

44.

While at all times denying liability, Ethyl hereby reiterates and restates all allegations of fault, negligence, substandard conduct, and deficient acts and omissions set forth above and in Plaintiff's Original Petition as if copied herein *in extenso* against all Defendants-in-Cross-Claim and Third-Party Defendants. Said fault, negligence, substandard conduct, and deficient acts and omissions were a proximate cause of the development of Plaintiff's disease.

45.

The filing of this Cross-Claim and Third-Party Demand will not delay the proceedings in this case and is in accord with the Court's January 9, 2019 Pretrial Order.

**JURY DEMAND**

46.

Ethyl re-urges and re-states its request for a trial by jury on all issues.

## PRAYER

47.

Therefore, Ethyl Corporation prays that this Answer, Affirmative Defenses, Cross-Claims, and Third-Party Demands be duly served and cited, and that after all due proceedings are had that there be judgment herein in favor of Ethyl and against Plaintiffs, dismissing Plaintiffs' claims, with prejudice and at Plaintiffs' sole cost.

Solely in the alternative, Ethyl prays that, should it be found at fault and liable to Plaintiffs herein, which is denied, that there be further judgment over and against the Cross-Claim Defendants and Third-Party Defendants for any and all amounts owed to Plaintiffs and for virile share credits or offsets with respect to all entities with which Plaintiffs have or may settle with, for all costs of these proceedings, and for all other equitable and legal relief as the nature of the case may permit, as the law may allow, and as may be shown at the trial of this matter.

*[SIGNATURE BLOCK, SERVICE INSTRUCTIONS,
AND CERTIFICATE OF SERVICE ON NEXT PAGES]*

                    Respectfully submitted,

                    **BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, APLLC**

                    By:_____

                      David M. Bienvenu, Jr. (Bar Roll No. 20700)
                      John Allain Viator (Bar Roll No. 25915)
                      Lexi T. Holinga (Bar Roll No. 30096)
                      Anthony J. Lascaro (Bar Roll No. 32546)
                      Melissa Jade Shaffer (Bar Roll No. 37867)
                      4210 Bluebonnet Blvd.
                      Baton Rouge, LA 70809
                      Phone: (225) 388-5600
                      Fax: (225) 388-5622
                      asbestos@bblawla.com

                *Counsel for Ethyl Corporation*

**PLEASE SERVE THE FOLLOWING WITH CITATION; PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES; PLAINTIFFS' FIRST SUPPLEMENTAL PETITION; AND THIS ANSWER, CROSS-CLAIMS, AND THIRD-PARTY DEMANDS:**

1. **Taylor-Seidenbach, Inc. as the successor-in-interest to Taylor Contracting and Supply Company, Inc.**
   Through its registered agent for service of process:
   Robert I. Shepard
   731 South Scott Street
   New Orleans, LA 70119

2. **Enable Midstream Partners, LP as successor-in-interest to Arkla Chemical Corporation and Arkansas Louisiana Chemical Corporation**
   Through its registered agent for service of process:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

3. **Centerpoint Energy Resources Corp as successor-in-interest to Arkla, Inc. and/or Noram Energy Corp and/or RRI Energy, Inc.**
   Through its registered agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

4. **RRI Energy Services, Inc. as successor-in-interest to RRI Energy, Inc. and/or Noram Energy Services, Inc.**
   Through its registered agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

*[MORE SERVICES ON NEXT PAGE]*

**PLEASE SERVE THE FOLLOWING WITH THIS ANSWER, CROSS-CLAIM, AND THIRD-PARTY DEMAND**

1. **Taylor-Seidenbach, Inc., individually**
   Through its counsel of record:
   C. Kelly Lightfoot
   Richard J. Garvey, Jr.
   Edward J. Lassus, Jr.
   HAILEY, MCNAMARA, HALL, LARMANN & PAPALE, LLP
   One Galleria Boulevard, Suite 1400
   Metairie, LA 70001-8288

2. **Owens-Illinois, Inc. d/b/a O-I**
   Through its counsel of record:
   Walter G. Watkins, III
   Mary R. Arthur
   Elizabeth R. Penn
   FORMAN WATKINS & KRUTZ, LLP
   One Shell Square
   701 Poydras Street, Suite 4350
   New Orleans, LA 70139-6001

**SERVICE WILL BE MADE ON THE FOLLOWING DEFENDANTS PURSUANT TO LA RS § 13:3204**

1. **ICF International, Inc., as the successor-in-interest to Kaiser Engineers, Inc.**
   Through service on its registered agent for service of process:
   CT Corporation System
   4701 Cox Rd, Ste 285
   Glen Allen, VA 23060

2. **The Manville Trust, as successor-in-interest to Johns-Manville Corporation**
   Through service on its registered agent for service of process:
   Wilmington Trust, National Association
   Rodney Square North 1100 North Market Street
   Wilmington, DE 19890

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to counsel for the Plaintiff and all other known counsel of record via e-mail and/or United States Mail, properly addressed, and postage prepaid on this 7th day of February, 2019.

_____
Anthony J. Lascaro