# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES LEOMA GADDY ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12926** |
| **TAYLOR SEIDENBACH, INC. ET AL** | **SECTION "L" (2)** |

## ORDER & REASONS

Pending before the Court is Defendant's Motion to Stay Execution of the Judgment Pending Appeal and Approve Supersedeas Bond. R. Doc. 60. Plaintiffs oppose the motion. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

**I.  BACKGROUND**

Decedent, James Leoma Gaddy, filed a Petition for Damages against various defendants on September 21, 2018 in the Civil District Court for the Parish of Orleans. R. Doc. 1 at ¶ 3. The petition generally alleges that Gaddy was exposed to asbestos while working at International Paper from 1948–1950 and in 1952, and while working as a chemical engineer at Ethyl Corporation's facility from 1955–1960. R. Doc. 1 at ¶ 4. Gaddy filed suit against a number of defendants, including Taylor-Seidenbach, which is domiciled in Louisiana. R. Doc. 1 at ¶ 5. Gaddy is an Arkansas resident. After Gaddy passed away in January 2018, his children were substituted as Plaintiffs. R. Doc. 1 at ¶ 6. Of all the defendants in the case, the only that remains is Ethyl Corporation.

On September 25, 2019, Plaintiffs informed Ethyl that they had reached a settlement agreement with Taylor-Seidenbach, the only remaining Louisiana defendant in the matter. R. Doc. 1 at ¶ 12. Accordingly, Ethyl Corporation filed a notice of removal on diversity jurisdiction

1

grounds, as Plaintiffs are citizens of Arkansas and Ethyl Corporation is a citizen of Virginia. R. Doc. 1 at ¶ 14–15. Plaintiffs filed an emergency motion to remand on October 3, 2019, but the Court denied this motion on October 4, 2019. R. Doc. 7.

A jury trial began on November 4, 2019 and concluded on November 8, 2019. The jury returned a verdict in favor of Plaintiffs, finding Ethyl Corporation both negligent and strictly liable, and awarding Plaintiffs $7,500,000.00 in general damages.[1] The jury also awarded $250,661.45 in medical expenses. R. Doc. 50. Judgment was entered on November 20, 2020, reducing Ethyl's liability by two-third to reflect the virile shares of other parties whose liability was proven at trial and ordering Ethyl to pay $2,583,553.82, one third of the total award. R. Doc. 53 at 2.

## II. PENDING MOTION

Ethyl seeks a stay of the execution of the judgment pending appeal to the Fifth Circuit. R. Doc. 60-1. Ethyl has posed a supersedeas bond in the amount of $3,100,264.58, representing 120% of the judgment entered against it, in compliance with Local Civil Rule 62.2. R. Doc. 53-4. Ethyl argues that by posting a supersedeas bond, it is entitled a stay of execution of the Judgment under Federal Rule of Civil Procedure 62(b).

Plaintiffs oppose the motion. R. Doc. 61. Plaintiffs argue that Ethyl is not entitled to an appeal and that Ethyl's motion is deficient because it does not address the "traditional stay factors." R. Doc. 61. Plaintiffs urge the Court to deny the motion or, alternatively, to grant a stay only until the resolution of the parties' pending post-trial motions. R. Doc. 61 at 2. Plaintiffs argue that only a temporary stay, if any, is appropriate because Ethyl's liability will increase and its supersedeas bond will be insufficient under Local Rule 62.2 if the Court grants Plaintiffs' renewed motion for judgment as a matter of law. R. Doc. 61 at 2.

---

[1] This award was comprised of $2,500,000.00 for physical pain and suffering, $2,500,000.00 for mental anguish, and $2,500,000.00 for loss of enjoyment of life. R. Doc. 50.

## III. LAW & DISCUSSION

Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce judgments. Fed. R. Civ. P. 62. In particular, Rule 62(b) allows a party to "obtain a stay by providing a bond or other security" if "the court approves the bond or other security." *Id.* Prior to 2018, this rule allowed for a stay only if the appellant posted a supersedeas bond. The current version, however, allows for any party to seek a stay by posting security in a form other than a bond. *See* Fed. R. Civ. P. 62 advisory committee's notes to 2018 amendment. Supersedeas bonds are designed to "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). The Eastern District of Louisiana's Local Civil Rule 62.2 provides that "[a] bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount . . . unless the court directs otherwise." Local Rule 62.2.

The Court concludes that a stay of execution of the judgment in the instant matter is warranted. Ethyl has posted a bond in the amount required by Local Rule 62.2. Although the Court recognizes that Ethyl's liability may increase if Plaintiff's renewed motion for judgment as a matter of law is granted, it notes that Ethyl's pending post-trial motions could similarly have a substantial, if not entirely dispositive effect on Plaintiff's recovery. Considering a district court's discretion under Rule 62 to waive the bond requirement all together, *see Poplar Grove Planting*, 600 F.2d at 1191, and Local Rule 62.2's provision that 120% of a judgment is the appropriate amount for security "unless the court directs otherwise," the Court concludes that the current supersedeas bond is sufficient to protect the parties' rights pending resolution of post-trial motions and appeal of this matter even if Defendant's share of liability were to increase.

## IV. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's Motion, R. Doc. 60, is **GRANTED**;

**IT IS FURTHER ORDERED** that the supersedeas bond filed by Ethyl as Exhibit "A" to its motion in the amount of $3,100,264.58 is hereby found good and sufficient security; and

**IT IS FURTHER ORDERED** that this Court's November 20, 2019 Judgment, R. Doc. 53, is hereby **STAYED** pending resolution of Defendant's appeal to the United States Fifth Circuit Court of Appeals.

New Orleans, Louisiana this 19th day of February 2020.

_____
Eldon E. Fallon
United States District Judge