UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JAMES LEOMA GADDY ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-12926 |
| TAYLOR SEIDENBACH, INC. ET AL | SECTION "L" (2) |

## ORDER & REASONS

Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law. R. Doc. 57. Considering the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

Decedent, James Leoma Gaddy, filed a Petition for Damages against various defendants on September 21, 2018 in the Civil District Court for the Parish of Orleans. R. Doc. 1 at ¶ 3. The petition generally alleges that Gaddy was exposed to asbestos while working at International Paper from 1948–1950 and in 1952, and while working as a chemical engineer at Ethyl Corporation's facility from 1955–1960. R. Doc. 1 at ¶ 4. Gaddy filed suit against a number of defendants, including Taylor-Seidenbach, which is domiciled in Louisiana. R. Doc. 1 at ¶ 5. Gaddy is an Arkansas resident. After Gaddy passed away in January 2018, his children were substituted as Plaintiffs. R. Doc. 1 at ¶ 6.

On September 25, 2019, Plaintiffs informed Ethyl that they had reached a settlement agreement with Taylor-Seidenbach, the only remaining Louisiana defendant in the matter. R. Doc. 1 at ¶ 12. Accordingly, Ethyl Corporation, the only remaining defendant, filed a notice of removal on diversity jurisdiction grounds, as Plaintiffs are citizens of Arkansas and Ethyl Corporation is a

citizen of Virginia. R. Doc. 1 at ¶ 14–15. Plaintiffs filed an emergency motion to remand on October 3, 2019, but the Court denied this motion on October 4, 2019. R. Doc. 7.

At the close of evidence, both parties made Rule 50 motions for judgment as a matter of law regarding certain aspects of the case. Both motions were denied. Both sides gave closing arguments on the morning of November 8, 2020, and the jury began deliberating. Later that day, the jury returned a verdict in favor of Plaintiffs, finding Ethyl Corporation both negligent and strictly liable, and awarding Plaintiffs $7,500,000.00 in general damages.[1] The jury also awarded $250,661.45 in medical expenses. R. Doc. 50. The jury also found International Paper negligent and strictly liable, and Owens-Illinois liable as a manufacturer of an unreasonably dangerous product. Final judgment was entered on November 20, 2020 in favor of Plaintiffs against Ethyl Corporation for $2,583,553.82, plus legal interest, which represented Ethyl's share of liability after accounting for the virile shares of International Paper and Owens-Illinois. R. Doc. 53.

## II.     PENDING MOTION

Plaintiffs timely filed a renewed motion for judgment as a matter of law, arguing that the jury's finding of liability on the part of Owens-Illinois was erroneous. R. Doc. 57-1. Specifically, Plaintiffs argue "the trial record contains no legally sufficient evidentiary basis upon which the jury could reasonably rely to find either that James L. Gaddy, Ph.D. was exposed to an Owens-Illinois product or that such an exposure substantially contributed to his mesothelioma." R. Doc. 57-1 at 1.

Plaintiffs argue that Ethyl had the burden of proving that Owens-Illinois was negligent or strict liable for Dr. Gaddy's mesothelioma. R. Doc. 57-1 at 3. Plaintiffs argue Ethyl failed to carry this burden and note that Ethyl did not provide any evidence or trial exhibits bearing the name

---

[1] This award was comprised of $2,500,000.00 for physical pain and suffering, $2,500,000.00 for mental anguish, and $2,500,000.00 for loss of enjoyment of life. R. Doc. 50.

"Owens-Illinois" or "otherwise connect[ing] that company's product to Dr. Gaddy." R. Doc. 57-1 at 4. Plaintiffs explain that Defendants attempted to establish the presence of asbestos products at International Paper while Dr. Gaddy worked there by introducing a sales record exhibit that refenced a product called "Kaylo" sold by Owens Corning Fiberglass. R. Doc. 57-1 at 4. Plaintiffs contend that Kaylo was manufactured and sold by both Owens Corning Fiberglass and Owens-Illinois, which are "two distinct companies with distinct liability profiles" despite the similarity in their names. R. Doc. 57-1 at 4 n. 1. Plaintiffs argue there is no evidence that a product sold by Owens Corning Fiberglass should be attributed to Owens-Illinois. Plaintiffs aver that any suggestion that such an attribution should be made was merely attorney speculation during closing argument that "had absolutely no evidentiary basis and created nothing more than jury confusion." R. Doc. 57-1 at 5. Specifically, Plaintiffs argue that the only discussion linking Owens-Illinois came during oral argument, when Ethyl's attorney said:

> But if you think that other people were the sole cause, Owens-Illinois who made Kaylo, who used the company called Owens Corning to distribute the Kaylo, then you should find that there's no strict liability.

Trial trans. at p. 991:17–21. According to Plaintiff, no other evidence presented at trial demonstrated that Owens Corning Fiberglass distributed asbestos products manufactured by Owens-Illinois. R. Doc. 73.

Plaintiffs also contend that Susan Raterman's testimony referencing Owens-Illinois is insufficient to establish liability. R. Doc. 73 at 2–3. Susan Raterman testified that Kaylo pipe insulation was manufactured by Owens-Illinois and that Kaylo insulation was shipped to International Paper in the 1950s. However, she further testified that she had no knowledge of where the pipe insulation went thereafter and accordingly could not testify that Dr. Gaddy ever worked with Kaylo pipe while at International Paper. R. Doc. 73 at 3.

Defendant opposes the motion. R. Doc. 86. Defendant argues that the evidence amply demonstrates that the asbestos-containing products at International Paper were manufactured by Owens-Illinois and distributed by Taylor Siedenbach. Defendant contends that Owens Corning Fiberglass acted as a shipper or sales agent. No evidence was presented by Plaintiffs to prove that any other manufacturer's asbestos products were utilized at International Paper. Further, because Dr. Gaddy testified to performing activities at International Paper that would have exposed him to asbestos fibers, the jury reasonably found that Dr. Gaddy was exposed to Kaylo asbestos manufactured by Owens-Illinois while employed there. R. Doc. 86 at 17.

Defendant also argues that Plaintiffs should be estopped from disavowing their own pleadings in seeking judgment as a matter of law. R. Doc. 86 at 12. Defendant explains that Plaintiff sued Owens-Illinois and Taylor Seidenbach in order to secure venue in Orleans Parish. Having done so, Defendant now accuses Plaintiffs of changing their position and "disavow[ing] the evidence they created and secured" regarding Owens-Illinois' manufacture of Kaylo products. R. Doc. 86 at 15.

### III. LAW & DISCUSSION

#### A. Rule 50(b) Motion for Judgment as a Matter of Law

Pursuant to Federal Rule of Civil Procedure 50(b), the movant may file a renewed motion for judgment as a matter of law within 28 days after entry of judgment. Fed. R. Civ. P. 50(b). A Rule 50(b) motion in a jury trial case is a "challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997) (quoting *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)). The Fifth Circuit has noted that in deciding a Rule 50(b) motion, the trial court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-

moving party." *Brown v. Bryan County, OK*, 219 F.3d 450, 456 (5th Cir. 2000). A judgment as a matter of law should only be granted when "the evidence at trial points so strongly and overwhelming in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Omnitech Int'l Inc. v. Clorox Co. Inc.*, 11 F.3d 1316, 1323 (5th Cir. 1994).

In *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, the Fifth Circuit discussed the standard for a Rule 50(b) motion after a jury verdict:

> [O]ur standard of review with respect to a jury verdict is especially deferential. A party is only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise. In evaluating the evidence, this court credit[s] the non-moving party's evidence and disregard[s] all evidence favorable to the moving party that the jury is not required to believe.

930 F.3d 647, 653 (5th Cir. 2019) (citations and quotations omitted). Thus, the Fifth Circuit has made it clear that when a jury has rendered its verdict, that verdict should not be disturbed absent strong, overwhelming evidence that shows a reasonable jury could not reach the opposite conclusion.

### B. Discussion

Having considered the parties' arguments and the trial records, the Court declines to disturb the jury's finding of liability with respect to Owens-Illinois. Multiple witnesses, including Susan Raterman and Dr. Richard Kradin, testified that Kaylo pipe was manufactured by a company called Owens-Illinois. Trial trans. at 406:22–407:1; 525:19–21. Ms. Raterman testified that invoices showed that International Paper received shipments of Kaylo pipe, and that she did not have any evidence that International Paper received any other type of thermal insulating product during the relevant time period. *Id.* at 406:18–21, 407:19–24. The jury apparently found this witness and her testimony credible.

Based on the foregoing, the evidence at trial could reasonably lead the jury to make the following logical deductions: (1) Owens-Illinois manufactured Kaylo pipe covering; (2) Kaylo pipe covering was shipped to International Paper in the early 1950s; (3) no company other than Owens-Illinois manufactured Kaylo pipe that was delivered to International Paper during the relevant time period; and (4) Dr. Gaddy worked for International Paper in a capacity that would have caused him to be exposed to substantial amounts of Kaylo pipe covering. Accordingly, the jury could reasonably conclude that any asbestos-exposure Dr. Gaddy sustained while at International Paper was caused by a product manufactured by Owens-Illinois.

To the extent Plaintiffs want to argue that another company's asbestos-containing products were used at International Paper, they should have done so at trial. While at International Paper, Dr. Gaddy performed work as a pipefitter's helper that the jury reasonably concluded would have exposed him to asbestos dust. *Id.* at 145:13–15. Because the evidence at trial revealed that the asbestos-containing products at International Paper were manufactured by Owens-Illinois, the Court does not conclude that the jury's finding was so lacking in an evidentiary basis as to warrant judgment as a matter of law on this issue.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Renewed Motion for Judgment as a Matter of Law, R. Doc. 57, is **DENIED**.

New Orleans, Louisiana this 4th day of March, 2020.

_____
Eldon E. Fallon
United States District Judge