# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES LEOMA GADDY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12926** |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | **SECTION "L" (3)** |

## ORDER

Pending before the Court is Plaintiffs' Motion for Reconsideration. R. Doc. 108. Defendants oppose the motion. R. Doc. 115. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

Decedent, James Leoma Gaddy, filed a Petition for Damages against various defendants on September 21, 2018 in the Civil District Court for the Parish of Orleans. R. Doc. 1 at ¶ 3. The petition generally alleges that Gaddy was exposed to asbestos while working at International Paper from 1948–1950 and in 1952, and while working as a chemical engineer at Ethyl Corporation's facility from 1955–1960. R. Doc. 1 at ¶ 4. Gaddy filed suit against a number of defendants, including Taylor-Seidenbach, which is domiciled in Louisiana. R. Doc. 1 at ¶ 5. Gaddy is an Arkansas resident. After Gaddy passed away in January 2018, his children were substituted as Plaintiffs. R. Doc. 1 at ¶ 6.

On September 25, 2019, Plaintiffs informed Ethyl that they had reached a settlement agreement with Taylor-Seidenbach, the only remaining Louisiana defendant in the matter. R. Doc. 1 at ¶ 12. Accordingly, Ethyl Corporation, the only remaining defendant, filed a notice of removal on diversity jurisdiction grounds, as Plaintiffs are citizens of Arkansas and Ethyl Corporation is a

citizen of Virginia. R. Doc. 1 at ¶ 14–15. Plaintiffs filed an emergency motion to remand on October 3, 2019, which the Court denied on October 4, 2019. R. Doc. 7.

A jury trial began on November 4, 2019. Plaintiffs' case-in-chief involved the testimony of the decedent, James Leoma Gaddy; Eugene Ponti, the corporate representative of Ethyl Corporation; Susan Raterman, an expert in the field of industrial hygiene, Dr. Richard Kradin, an expert in the field of internal medicine, pulmonology, pathology, and asbestos diseases; Dr. Ted Fish, Dr. Gaddy's treating cardiologist; and James Courtney Gaddy, Dr. Gaddy's son.

After Plaintiffs rested, Ethyl Corporation presented its case, calling Nemore Rayne, a former Ethyl employee; Wallace Armstrong, a former Ethyl employee; James Hamilton, a former Ethyl employee; Dr. James Rock, an expert in the field of industrial hygiene; and Dr. William Breall, an expert in the field of cardiology.

At the close of evidence, both parties made Rule 50 motions for judgment as a matter of law regarding certain aspects of the case. Both motions were denied. Both sides gave closing arguments on the morning of November 8, 2020, and the jury began deliberating. Later that day, the jury returned a verdict in favor of Plaintiffs, finding Ethyl Corporation both negligent and strictly liable, and awarding Plaintiffs $7,500,000.00 in general damages.[1] The jury also awarded $250,661.45 in medical expenses. R. Doc. 50. The jury also found International Paper negligent and strictly liable, and Owens-Illinois liable as a manufacturer of an unreasonably dangerous product. Final judgment was entered on November 20, 2020 in favor of Plaintiffs against Ethyl Corporation for $2,583,553.82, plus legal interest, which represented Ethyl's share of liability after accounting for the virile shares of International Paper and Owens-Illinois. R. Doc. 53.

---

[1] This award was comprised of $2,500,000.00 for physical pain and suffering, $2,500,000.00 for mental anguish, and $2,500,000.00 for loss of enjoyment of life. R. Doc. 50.

2

## II. PENDING MOTION

Plaintiff asks this Court to reconsider its Order and Reasons granting Defendant's motion for a new trial/remittitur. R. Doc. 102. In that Order and Reasons, the Court found that the jury's award was not within the range that a reasonable jury could have appropriately awarded based on the evidence and accordingly remitted the award of general damages from $7,500,000.00 to $3,000,000.00. R. Doc. 102 at 23, 28. Plaintiffs argue reconsideration is warranted because other jury verdicts in similar cases awarded a higher quantum of damages and because the Court appeared to only consider a lack of evidentiary support for decedent's physical pain and suffering. R. Doc. 108-1 at 2. Defendants oppose the motion, arguing that reconsideration should be denied because Plaintiffs fail to identify any manifest errors or new evidence. R. Doc. 115 at 2. Specifically, Defendants argue that the Court was correct to rely only on published appellate decisions and to remit the award of general damages as a whole. R. Doc. 115 at 3.

## III. LAW

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 666 (5th Cir. 1986). The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after this time period. See Fed. R. Civ. P. 59(e). Here, Plaintiffs filed their Motion within 28 days of entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment. A Rule 59(e) motion serves the narrow purpose of correcting manifest errors or law or

fact, or presenting newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Motions for reconsideration should not be avenues for relitigating old matters, raising new arguments, or submitting evidence that could have been presented before. *See Campbell v. St. Tammany Parish School Board*, No. 98–2605, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

The Court finds that Plaintiffs have failed to demonstrate that they are entitled the extraordinary remedy of reconsideration. Without providing additional evidence or demonstrating that the Court's Order & Reasons was based on a manifest error of law or fact, Plaintiffs seek to have the Court reverse its judgment and reinstate the jury's verdict. The Court declines to do so, as it based its Order and Reasons granting the remittitur on careful consideration of the authorities cited by both parties as well as independent research. To the extent Plaintiffs argue that the United States Court of Appeals' decision in *Chevron Oronite Company, LLC v. Jacobs Fields Services North America, Inc.*, 951 F.3d 219, 236 (5th Cir. 2020), authorizes consideration of jury verdicts rendered in Orleans Parish, the Court is not persuaded. *Chevron* is factually distinguishable from the instant case in that it involved a defendant's liability for a settlement share, and the propriety of the district court's decision to take judicial notice of Orleans Parish jury verdicts was not contested by the parties. *Id.* Without clear authorization, the Court declines to stray from the general rule that district courts must look to published decisions to determine a plaintiff's maximum recovery. *See Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019) ("The

inquiry looks to other published decisions from the relevant jurisdiction (in a diversity case, the forum state) involving comparable facts."). The Court is convinced that the quantum of damages as remitted is the maximum sum a reasonable jury could have awarded considering the specific facts of this case.

IV. **CONCLUSION**

Considering the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration, R. Doc. 108, is **DENIED**.

New Orleans, Louisiana this 13th day of April, 2020.

_____
Eldon E. Fallon
United States District Judge